**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JEFFREY Q. MILES, | No. 10-15675 |
| Petitioner - Appellant, | |
| v. | D.C. No. 2:04-cv-01431-LKK-EFB |
| D.L. RUNNELS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted August 29, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District
Judge.[**]

Petitioner-Appellant Jeffrey Miles appeals the district court's denial of his

28 U.S.C. § 2254 habeas petition. He makes two arguments for relief.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable James L. Graham, Senior District Judge for the U.S.
District Court for the Southern District of Ohio, Columbus, sitting by designation.

Miles first argues that his sentence of 60 years to life for two first-degree burglaries under California's three strikes law is cruel and unusual punishment. Because the state court has rejected this claim on the merits, habeas relief will not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  The only clearly established law for an Eighth Amendment challenge to a noncapital sentence is the "gross disproportionality principle," which prohibits sentences that are grossly disproportionate to the crime committed and is "applicable only in the 'exceedingly rare' and 'extreme' case."  *Lockyer v. Andrade (Andrade II)*, 538 U.S. 63, 73 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)).

The sentence is not grossly disproportionate to the crime in this case.  The severity of Miles's criminal history and the nature of his sentence are similar to those of Andrade's, and Miles's two principal felonies (first-degree burglaries) are more serious than Andrade's (petty thefts).  *See id.* at 66–67.  Further, unlike cases in which this Court has granted habeas petitions for relief from similar sentences, Miles's principal offenses and criminal history demonstrate a pattern of recidivism, *see Norris v. Morgan*, 622 F.3d 1276, 1294–95 (9th Cir. 2010), and include at least one violent crime, *see Reyes v. Brown*, 399 F.3d 964, 967–69 & n.7 (9th Cir.

2005).  Thus, Miles's sentence is not unreasonable nor contrary to established

federal law, and the district court did not err in rejecting his habeas petition on this

ground.

Miles's second argument is that he was denied a fair trial because a security

guard stood behind him during the trial proceedings and the jury saw him in

physical restraints.  Both of Miles's fair trial claims are so "vague (or) conclusory,"

and unsupported by specific facts, that they do not warrant habeas relief.

*Blackledge v. Allison*, 431 U.S. 63, 75 & n.7 (1977) (quoting *Machibroda v.

United States*, 368 U.S. 487, 495 (1962)) (internal quotation marks omitted).[1]  His

first contention, that a security guard stood behind him for the duration of the trial,

is not enough in itself to merit relief.  The Supreme Court and this Court have held

that uniformed security guards situated behind or near a defendant during the trial

do not, without more, unacceptably threaten the fairness of a trial.  *See Holbrook v.

Flynn*, 475 U.S. 560, 569–72 (1986); *Williams v. Woodford*, 384 F.3d 567, 588

(9th Cir. 2004); *Ainsworth v. Calderon*, 138 F.3d 787, 797 & n.8 (9th Cir. 1998).

Similarly, his second contention, that the jury saw him in physical restraints after

court, does not state a constitutional violation.  Although the routine use of

shackles during a trial in a manner known to the jury is inherently prejudicial and

---

[1]Although the state court only ruled on the security guard issue because the physical restraints issue was never presented by Miles to the state court, the restraints claim falls short even under de novo review.

rarely justified, *see Deck v. Missouri*, 544 U.S. 622, 632–35 (9th Cir. 2005), Miles

does not make clear that this occurred. A defendant may certainly be visibly

restrained once he is found guilty if the jury has no role in the penalty phase, and

even a jury's brief viewing of a defendant in shackles during transport is not

prejudicial enough to deny a fair trial, *see Williams*, 384 F.3d at 592–93 (compiling

cases). For both issues, the record fails to provide sufficient supporting evidence;[2]

the only relevant fact in it is that there was at least one security guard in the

courtroom. Thus, the district court did not err in denying Miles relief on his fair

trial claims.

Accordingly, the judgment of the district court is **AFFIRMED**.

---

[2]Miles requests an evidentiary hearing on both issues, though without a certificate of appealability granted for this request. Because he has not "allege[d] facts which, if proven, would entitle him to relief," *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003) (quoting *Belmontes v. Woodford*, 355 F.3d 1024, 1053 (9th Cir. 2003)), and because he "failed to develop the factual basis of [his] claim[s] in State court proceedings," 28 U.S.C. § 2254(e)(2), he is not entitled to an evidentiary hearing.